**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | CHAPTER 11<br><br>Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>Plaintiff,<br>v.<br><br>1st ADVANTAGE MORTGAGE, L.L.C., *et al.*,<br><br>Defendants. | Adv. Proc. No. 16-01019 (SCC) |
| AND COORDINATED ADVERSARY PROCEEDINGS | |

**LEHMAN BROTHERS HOLDINGS INC.'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON NOTICE OF SETTLEMENT OF RMBS CLAIMS**

Pursuant to Rule 56 of the Federal Rules of Procedure, made applicable to these proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure and Local Rule 7056-1 of the United States Bankruptcy Court for the Southern District of New York, Plaintiff Lehman Brothers Holdings Inc. ("LBHI" or "Plaintiff") submits the following Statement of Undisputed Material Facts ("SUMF") in Support of Plaintiff's Motion for Partial Summary Judgment on Notice of Settlement of RMBS Claims. Documents referenced in the SUMF are attached as exhibits to the accompanying Declaration of Brant D. Kuehn, dated March 17, 2020 (the "Kuehn Decl.) and are referred to as "Kuehn Decl., Ex. __."

## I. BACKGROUND

### a. LBHI Vigorously Defended Claims Filed by RMBS Trustees, Resulting in a Proposed Settlement and the Estimation Hearing

1. In 2009, RMBS trustees representing approximately 400 trusts, including the 225 Trusts[1] with whom LBHI later settled, filed claims against LBHI and affiliates asserting $37 billion in repurchase claims against Lehman as sponsor (the "RMBS Claims"). Kuehn Decl., Ex. 1 at LBHI-OMNl_7689505, 7689507; at Ex. A at 2:4-9, 4:2-14 (Estimation Order).[2]

2. In 2012, LBHI and the RMBS Trustees agreed to a $5 billion reserve for the RMBS Claims and attempted to mediate the dispute but the mediation failed. *Id.* at LBHI-OMNl_7689508; at 5:10-13.

3. LBHI objected to and contested the RMBS Claims and moved to require the RMBS Trustees to file a loan-level review process for the RMBS Claims (the "Protocol"). *Id.* at LBHI-OMNl_7689509; at 6:2-10.

4. The Court agreed and entered an order approving the Protocol. *Id.*

5. Pursuant to the Protocol, the RMBS Trustees "set about assembling small armies of loan review firms and re-underwriting personnel" to comply with the Protocol's strict timelines. *Id.* at LBHI-OMNl_7689510; at 7:3-8.

6. The RMBS Trustees reviewed 171,000 loan files and alleged breaches in 94,000 loan files. *Id.* at LBHI-OMNl_7689510; at 7:9-13.

7. LBHI "similarly embarked on the grueling task of reviewing such files and approving or rejecting the claims asserted." *Id.* at LBHI-OMNl_7689510; at 7:13-16.

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment.

[2] For ease of reference, citations to transcripts included in the Kuehn Declaration include both the relevant bates number(s) and transcript cite(s).

2

8. Following "another mediation . . . and after extensive negotiations" in October 2015, "certain large financial institutions who represented the Trusts' largest group of certificateholders" entered into a proposed settlement with LBHI pursuant to which the parties would settle the RMBS claims for an allowed claim of $2.44 billion. *Id.* at LBHI-OMNl_7689510; at 7:17-25.

9. The RMBS Trustees declined to support, and LBHI withdrew, the proposed settlement. *Id.* at LBHI-OMNl_7689511; at 8:9-20.

10. In March 2017, following additional re-underwriting by LBHI and the RMBS Trustees, LBHI and the Institutional Investors entered into a modified settlement agreement. *Id.* at LBHI-OMNl_7689512; at 9:7-16.

11. Under the March 17, 2017 agreement, LBHI sought to allow the RMBS Claim in the amount of $2.38 billion, subject to an estimation proceeding whereby the trusts would have the opportunity to ask "the Court to estimate the allowed claim amount that would have resulted from the completion of the Protocol and specifically to consider whether the Trustees have shown that they are entitled, under the Protocol, to an allowed claim greater than $2.38 billion." *Id.* at LBHI-OMNl_7689512; at 9:22-10:10.

   b. **LBHI Notified Defendants of the Proposed Settlement and Estimation Hearing**

12. On April 28, 2017, Epiq Bankruptcy Systems ("Epiq"), on behalf of LBHI, served a copy of the Notice of Motion of Lehman Brothers Holdings, Inc. in Support of 9019 Settlement Motion on hundreds of legal entities and individuals, via first class mail,. Kuehn Decl., Ex. 2 at LBHI-OMNI_ 1856336, 1856349 (Epiq's Aff. of Service & Exhibit C listing Defendants served with notice of the 9019 Settlement Motion).

3

13.     Epiq served the 9019 Settlement Motion on substantially all Defendants, many of which were served care of their attorneys as well as their business addresses. *Id.*

14.     On July 6, 2017, the Court held a hearing on the settlement, approved it, and set a schedule for the Estimation Hearing that would determine the settlement amount and provide the RMBS Trustees an opportunity to establish liability greater than $2.38 billion. Kuehn Decl., Ex. 3 at LBHI-OMNI_ 7689672 (Order Approving RMBS Settlement).

15.     Although at least 111 Defendants were properly served, only one entity appeared at the hearing. Kuehn Decl., Ex. 4 at LBHI-OMNl_7689439-42; at 3-6 (July 6, 2017 Hearing Transcript) (listing all appearances).

16.     No current Defendant appeared at the settlement hearing, offered to participate, or objected to the settlement. *Id.*

17.     No current Defendant appeared at the Estimation Hearing, offered to participate, or objected to the settlement. *See generally* Kuehn Decl., Ex. 6 (Full Estimation Hearing Transcript) (listing all appearances).

18.     The RMBS Settlement was covered in the popular press, including the Wall Street Journal. *See, e.g.*, Kuehn Decl., Ex. 5 at LBHI-OMNI_7689686; *also available* at https://www.wsj.com/articles/mortgage-trustees-accept-lehmans-2-4-billion-bankruptcy-offer-1496416193 (WSJ Article).

### c. LBHI Vigorously and Successfully Defended Itself, and the Indemnifying Defendants, During the Estimation Hearing

19.     The Estimation Hearing began on November 20, 2017 and during the course of a 22-day trial, the Court heard live testimony of 12 witnesses, viewed or reviewed deposition testimony of 3 additional witnesses, and considered documentary evidence, including expert

4

reports addressing millions of pages of individual loan files. Kuehn Decl., Ex. 1 at LBHI-OMNI_7689557-60; at Ex. A at 54:1-57:4 (Estimation Order).

20. Each witness was subjected to extensive cross examination, with witnesses on the stand for as many as [three] days of testimony. *Id. See generally* Kuehn Decl., Ex. 6 (Full Estimation Hearing Transcript).

21. The trial transcript exceeds 4,000 pages. Kuehn Decl., Ex. 6 (Full Estimation Hearing Transcript).

22. At the Estimation Hearing, LBHI conceded breaches, and thus liability, for 1,263 loans, but challenged the sufficiency of the evidence for more than 70,000 loans. Kuehn Decl., Ex. 1 at LBHI-OMNl_7689527-28, 7689563-64; at Ex. A, 24:11-25:1, 60:15-61:5 (Estimation Order).

23. Following the Estimation Hearing, the Court addressed the testimony of the witnesses, the written evidence, and the expert opinions stating: "not only have the loans and the loan files themselves been on trial but the processes by which each of the parties reviewed the loan files and breach claims have also been put on trial." *Id.* at LBHI-OMNl_7689515; at 12:1-4.

24. The Court fixed an allowed claim of $2.38 billion. *Id.* at LBHI-OMNI_7689671; at 168:15-19.

25. Section 711 of the Seller's Guide provides, in pertinent part:

In addition to any repurchase and cure obligations of Seller, . . . Seller shall indemnify Purchaser and Purchaser's designee (including, without limitation, any subsequent holder of any Note) from and hold them harmless against all claims, losses, damages, penalties, fines, claims, forfeitures, lawsuits, court costs, reasonable attorney's fees, judgments and any other costs, fees, and expenses that the Purchaser may sustain in any way related to or resulting from any act or failure to act or any breach of any warranty, obligation, representation or covenant contained in or made pursuant to this Seller's Guide or the Loan Purchase Agreement by any agent, employee, representative or officer of Seller of Seller's correspondent. In addition to any and all other obligations of Seller hereunder,

5

> Seller agrees that it shall pay the reasonable attorney's fees of Purchaser incurred in enforcing Seller's obligations hereunder. . . .

Kuehn Decl., Ex. 7 at LBHI-OMNI_0003732 (Seller's Guide § 711).

26. Each Loan Purchase Agreement ("LPA") pursuant to which LBHI brings the claims in these adversary proceedings provides that the LPA and the incorporated Seller's Guide is governed by the laws of the state of New York. Kuehn Decl., Ex. 8 at LBHI-OMNI_0102074 (Exemplar LPA, § 8).

27. Section 711 of the Seller's Guide further provides, in pertinent part:

> The Seller immediately shall notify the Purchaser if a claim is made by a third party with respect to this Seller's Guide, the Loan Purchase Agreement or the Mortgage Loans, assume (with the prior written consent of the Purchaser) the defense of any such claim and pay all expenses in connection therewith, including counsel fees, and promptly pay, discharge and satisfy any judgment or decree which may be entered against it or the Purchaser in respect of such claim. The Purchaser promptly shall reimburse the Seller for all amounts advanced by it pursuant to the preceding sentence except when the claim is in any way related to the Seller's indemnification with respect to a breach by the Seller of any representation or warranty, or the failure of the Seller with respect to any of the Seller's obligations under this Seller's Guide or the Loan Purchase Agreement.

Kuehn Decl., Ex. 7 at LBHI-OMNI_0003732-33 (Seller's Guide, § 711).

28. The current adversary proceedings cover only a fraction of the mortgages and the mortgage originators covered by the RMBS Settlement. Kuehn Decl. ¶ 13.

29. The originators of the majority of the loans covered by the RMBS Settlement appear to be defunct, and LBHI likely cannot enforce the indemnification obligations of those entities. Kuehn Decl. ¶ 14.

**ARGUMENT**

**I.    LBHI Provided Notice of the RMBS Settlement to 111 of the Defendants**

30. The proposed RMBS Settlement Agreement was attached to the 9019 Settlement Motion and explicitly stated that consummation of the settlement would not release claims that

6

LBHI may have against loan sellers with indemnification obligations. Kuehn Decl., Ex. 9 at LBHI-OMNI_0093749 (§ 4.05) (proposed settlement will not release "claims against parties other than the Released Parties related to the origination and/or sale of the mortgage loans sold or securitized by the LBHI Debtors…") (Notice of Motion in Support of 9019 Settlement Agreement & RMBS Settlement Agreement).

31. The 9019 Settlement Motion further stated that "[t]he Parties do not release or waive any rights or claims against any party that is not a Released Party, including: (a) repurchase and indemnity claims any Trustee or any Released Party may have against any mortgage originator (including brokers, bulk sellers, and correspondents)…." *Id.* at LBHI-OMNI_0093748 (§ 4.02).

32. In addition, the 9019 Settlement Motion stated that notice of the settlement agreement "shall be provided…[to] all known mortgage originators (including all known brokers, bulk sellers, and correspondents against whom the LBHI Debtors may have indemnity claims arising from the Settlement Agreement)…"). *Id.* at LBHI-OMNI_0093739 (§ 2.03(a)).

33. Lastly, the 9019 Settlement Motion disclosed the time, date and location of the Court's initial hearing on the proposed settlement and set out procedures for objecting to the motion to approve the settlement. Id. at LBHI-OMNI_0093686-87.

34. No current defendant appeared at either the 9019 settlement hearing or at the Estimation Hearing, despite service of the 9019 Settlement Motion. *See* Kuehn Decl., Ex. 4 at LBHI-OMNl_7689439 (July 6, 2017 Hearing Transcript) (listing counsel for iFreedom Direct Corporation, who is no longer a defendant). *See generally* Kuehn Decl., Ex. 6 (Full Estimation Hearing Transcript).

35. No defendant objected to the settlement or estimation hearing process. Kuehn Decl., Ex. 4 at LBHI-OMNl_7689465-75; at 29:2-39:17 (July 6, 2017 Hearing Transcript).

7

**II.    The Unique History and Posture of this Litigation Obviates the Need for LBHI to Establish that It Would Have Been Liable to the RMBS Trustees**

36.    LBHI spent tens of millions of dollars over the course of several years defending the RMBS Claims.  Kuehn Decl. ¶ 15.

37.    Through its efforts, LBHI reduced the claims substantially to an allowed claim of $2.38 billion. Kuehn Decl., Ex. 1 at LBHI-OMNl_7689507, 7689671; Ex. A at 4:2-12,168:15-19 (Estimation Order).

38.    The claim amount of $2.38 billion was set by the Court following a 22-day estimation hearing with 12 live witnesses, as well as the introduction into evidence of deposition transcripts and video from three additional witnesses. *Id.* at LBHI-OMNI_7689557-60; at 54:1-57:4.

39.    Since LBHI cannot collect indemnification from the defunct sellers of many loans at issue in the RMBS Settlement and Estimation Hearing, LBHI remains ultimately liable and without recourse for a significant portion of the payment it made under the RMBS Settlement.


Dated: New York, New York
       March 17, 2020

                                                By:    /s/ Brant Duncan Kuehn
                                                       Brant Duncan Kuehn

                                                WOLLMUTH MAHER & DEUTSCH LLP
                                                500 Fifth Avenue
                                                New York, New York 10110
                                                Telephone: (212) 382-3300
                                                Facsimile: (212) 382-0050


                                                *Counsel for Lehman Brothers Holdings Inc.*

8